KIRKPATRICK (MONTEITH v.). See Case No. 9,721.

## Case No. 7,850.

### KIRKPATRICK v. WHITE et al.

[4 Wash. C. C. 595.] [1]

Circuit Court, Pennsylvania.[2] April Term, 1826.

EQUITY PLEADING—PLEA TO JURISDICTION.

1. Bill in equity by A. a citizen of New Jersey, against B, and the Lehigh Coal and Navigation Company, an incorporated body. Plea to the jurisdiction "that four of the corporators," naming them, were citizens of New Jersey." The plea was sustained; the corporators being

[3] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [District not given.]

real defendants, by their corporate name, and represented by their officers.
[Cited in Marshall v. Baltimore & O. R. Co., 16 How. (57 U. S.) 349, 350.]
[Cited in Wood v. Hartford Fire Ins. Co., 13 Conn. 206; Childs v. Bank of Missouri, 17 Mo. 214.]

2. A plea to a bill in equity may be good in part, and not so in the whole; and the court will allow it as to so much of the bill as it is properly applicable to, unless it has the vice of duplicity in it.
[Cited in Wythe v. Palmer, Case No. 18,120; Hardon v. Newton, Id. 6,054.]
[Cited in Bell v. Woodward, 42 N. H. 193.]

In equity.

WASHINGTON, Circuit Justice. This is a bill brought by a citizen of New Jersey against certain individuals [White and Hazard], citizens of this state, and an incorporated society under the name of the Lehigh Coal and Navigation Company, praying a discovery and relief against each. To this bill, the defendants put in a joint and several plea to the jurisdiction of the court, alleging that four persons, naming them, members and corporators of the said company, were at the time of filing the bill, and of issuing the subpoena, and now are, citizens of the state of New Jersey, and resid-ing therein. The cause having been set down for hearing on the plea, the facts stated in the plea must be taken as true, and the question to which they give rise is, whether the circumstance that some of the members of the corporation are citizens of the state of New Jersey, is a ground for ousting the jurisdiction of this court, as to all the defendants, or as to the corporate body? This company, consisting of a number of persons, who, prior to the year 1822, had formed themselves into two distinct companies, under the name of the Lehigh Navigation Company, and the Lehigh Coal Company, were in that year incorporated by an act of assembly of the state of Pennsylvania, under the name of "the Lehigh Coal and Navigation Company," and were invested with the rights and privileges ordinarily granted to aggregate corporations, such as those of acquiring property real and personal, making bye laws, of suing and being sued, with many others not necessary to be noticed. The officers of the company consist of a president, five managers, and a treasurer, a quorum of whom constitute a board of managers, with power to direct the business and affairs of the company. By an act of assembly of the same state, passed in the year 1817, it is provided, that suits may be brought against corporations by their corporate name; by summons, served on the president, or other principal officers, &c. In case the said corporation should not appear by their attorney, the act provides that judgment by default may be entered against the corporation; and in all cases of judgments, whether by default, or upon a trial, the judgment is to be against

the corporation, and the execution is to levy of the goods and chattels, lands and tenements of such corporation.

In the argument of this cause by the plaintiff's counsel, it was contended, that in a suit in equity it is always deemed sufficient to bring the substantial parties, or those concerned in interest, before the court; and that the omission, or introduction, of parties merely formal, cannot affect the jurisdiction of the court, or afford a ground of objection as to parties. That if this were a voluntary association, there could be no doubt that a part of the members, where those concerned in interest are numerous, might have been sued, or might sue as representing the whole; and that even in cases where this reason for omitting parties does not exist, the fact that those omitted are without the jurisdiction of the court, affords a sufficient ground to warrant the court in proceeding to decree against those who are parties, if it can be done without injury to the rights of the others. And lastly, the parties defendants to this suit, are those who are proceeded against in their individual capacities, and the officers of the body corporate, neither of whom is stated in the plea to be a citizen of a state other than Pennsylvania, and that the constitution and laws of the United States look only to the parties to the suit, and not to those who are merely parties in interest.

The two first of these propositions may be, and are admitted. It may also be conceded, that the constitution and laws of the United States, in reference to the question of jurisdiction, look to the parties to the suit, and not to those who are merely concerned in interest, and who are not, or cannot be introduced personally into the controversy. Such is the case of trustees and executors in the first instance, and of cestui que trusts, legatees, and distributees in the last. But the material question to be decided is, who are the parties to the suit, in a case where a corporate body sues or is sued in its corporate name? The plaintiff's counsel insists that they are the officers of the corporation who institute the suit, or who represent the body, and on whom the process is served. But in this he is opposed by the case of the Bank of U. S. v. Deveaux, 5 Cranch [9 U. S.] 61, in which the principles of law applicable to this part of the subject are so clearly and conclusively stated as to leave no doubt respecting them. That was an action at law brought by the president, directors, and company of the Bank of the United States, averring themselves to be citizens of the state of Pennsylvania, against citizens of the state of Georgia, where the suit was instituted. To the petition of the bank, the defendants put in a plea to the jurisdiction of the court to entertain a suit instituted by a corporate body. The averment of the citizenship of the plaintiffs was absolutely necessary to give jurisdiction to the court, and yet, from the nature of all aggregate corporations, this could not, with legal propriety, be averred to be a citizen of any state. If then the court could view the bank of the United States only in its corporate character, the legal consequence would have been to exclude all corporations, foreign and domestic, from the privilege, if it be one, of suing and being sued in the courts of the United States. But this difficulty was, upon the soundest principles of law, surmounted, by considering the members of the corporation as being in reality the parties plaintiffs in the suit, prosecuting the same in their corporate name. "The name," says the chief justice in delivering the opinion of the court, "cannot be a citizen, but the persons it represents may be; and the controversy is in fact, and in law, between those persons, suing in their corporate character, by their corporate name, for a corporate right, and the parties sued. Substantially, the parties in such a case, when the members of the corporation are citizens of a different state from that of the opposite party, come within the spirit of the jurisdiction conferred by the constitution on the national courts. The controversy is substantially between citizens of one state suing by a corporate name, and those of another state." In the case of Hope Ins. Co. v. Bordman, 5 Cranch [9 U. S.] 57, decided immediately after the preceding case, in which the corporation was defendant in the court below, but was described, not as being citizens of the state in which the suit was brought, but simply as a body incorporated by an act of assembly, and established at Providence, in the state of Rhode Island, the decision of the court was against the jurisdiction of the circuit court, upon the ground stated in the preceding case, viz. that the right of a corporation to litigate in the courts of the United States, depends on the citizen character of the members composing the corporation.

It seems quite impossible to extricate the present case from the principles so clearly and so positively established in the two cases which have been referred to. If the controversy be in fact, and in law, between the individual corporators of the Lehigh Coal and Navigation Company, appearing in court by their corporate name, and the plaintiff; it follows, that the four members of that corporation, who are citizens of the state of New Jersey, are, and from necessity must be parties defendants in this suit, since every member of the company is represented by the corporate name under which it is sued. The whole of the argument then which was urged by the plaintiff's counsel, as to omitting parties who are without the jurisdiction of the court, or where the parties being very numerous, a part of them may sue or defend for the whole, although perfectly sound, is manifestly without force when applied to the

case of a suit brought by or against a corporate body; because, in such a case, it is not at the option of the plaintiff to omit any of the members of that body, nor can the court consider them otherwise than as parties to the suit. In no way could those members who are without the jurisdiction of the court be omitted, but by bringing the suit against the other members by name; and no person will contend that such a suit could be maintained. Not only are all the members of the corporation parties to this suit, because they are represented by their corporate names, but it is necessary that the New Jersey members should be so, because they have a joint interest in the franchises conferred upon the corporation, and in the property belonging to it. Now it is decided by the supreme court, in the cases of Cameron v. M'Roberts, 3 Wheat. [16 U. S.] 591; Strawbridge v. Curtis, 3 Cranch [7 U. S.] 267; Corporation of New Orleans v. Winter, 1 Wheat. [14 U. S.] 95,—that when there is a joint interest in all the defendants, the jurisdiction cannot be sustained unless each individual be entitled to claim that jurisdiction; and that even in a case where the parties might elect to sue jointly or separately, if they nevertheless sue jointly, the case is not distinguishable from one where they are compelled to unite.

The learned counsel for the plaintiff resembled this to the case of a suit by, or against a voluntary association, trustees, executors, partners, legatees, distributees, parishioners, commoners and the like; but in our humble apprehension, they are totally dissimilar, and this dissimilarity arises from the peculiar character of a corporation. The members of a voluntary association, trustees, partners, and so as to all the other persons mentioned, are individually parties to the controversy, each one appearing in propria persona, and representing himself for the purpose of litigating some matter in which he is interested, either in law or equity. The claim by, or against them is either several, or joint and several. The parties, if there be more than one, are easily separable; and, since the general rule of the court of equity, as to parties, is established with an eye to the convenient administration of justice, that court allows, and can do so without injustice or absurdity, an exception to that rule, where one of the parties is without the jurisdiction of the court, and a decree can be made without injury to him, against the parties who are within the jurisdiction; or where, from the number of parties, it is impracticable to bring the whole before the court, by permitting some of them to bring, or defend, the suit for themselves, and for those who are omitted. But in all these cases, it is essential to allege in the bill those facts which entitle the plaintiff to claim the benefit of the exception. Very different is the case of a corporation. The members of it, though in real-

ity the parties to the controversy, do not, and cannot appear to prosecute or defend in person. They do not represent themselves, but they are represented by the corporate name; which name includes all the members, and can admit of no omission, or exclusion, for the reasons above stated, or for any other. The New Jersey members were considered by the plaintiff's counsel merely as formal parties, and the case Wormley v. Wormley [8 Wheat. (21 U. S.) 422], was referred to, to show that the court will not suffer its jurisdiction to be ousted by the mere joinder, or non-joinder of a formal party. But how is it possible to treat one of the corporators who is entitled to participate in the enjoyment of the property of the corporate body, no matter to what extent, and in the franchises bestowed upon it, as a formal party?

We very truly regret that the authorities and the course of reasoning which has been stated, lead us inevitably to the conclusion, that the jurisdiction cannot be sustained in this case against the Lehigh Coal and Navigation Company; and we freely acknowledge, that we have struggled, as far as duty would sanction, to discover such reasons as we could safely and conscientiously abide by, to authorise us in coming to a different conclusion. Our duty is to follow where the rules of law or equity, and right reason lead, without looking to consequences; although, from a view of those consequences, we may be permitted, as we have done, to express our regret that the law is as we have stated it, or as we apprehend it to be. For it is very certain, that if we are correct in our view of it, very few corporations can enjoy the privilege of suing, or being sued, in the courts of the United States, where a plea similar to the present is interposed; since it can seldom happen, we presume, but that some of their members reside in other states than that in which the business of the corporate body is transacted, and in which the suit is brought. Whether congress can, or will, by legislative provisions, secure to corporations the privilege of suing, and to others that of suing them in the courts of the nation, in cases where some of the corporators are citizens of a state or states other than that in which the suit is brought, rests with that body in its wisdom to decide.

An objection was made to the plea by the plaintiff's counsel, upon the formal ground that it goes to the whole bill, whereas, the court has undoubted jurisdiction of the cause, so far as a discovery and relief are prayed against the individual defendants, although it should have none as against the corporation. I understand the rule to be, that a plea to a bill in equity may be good in part, and not so in the whole; and that the court will allow it as to so much of the bill as is properly applicable, unless it contain the vice of duplicity. The court must therefore allow

this plea with costs, so far as it goes to the discovery and relief sought against the Lehigh Coal and Navigation Company, and overrule it as to the other defendants; who are ordered to answer.