42  181
72  281

## BELL v. WOODWARD.

To a bill to foreclose a mortgage of land, and to redeem a prior mortgage of one of the tracts, held by one of the defendants, a plea was filed that the plaintiffs' mortgage did not cover the tract which was sought to be redeemed, and the bill was, therefore, multifarious. It was held that the facts, if well pleaded and established by the proof, showed the bill bad for multifariousness.

Such a plea was pleaded generally to the bill, without any designation of the part of the discovery or relief to which it was intended to apply, and was supported by an answer denying all the allegations of the bill which related to the matter of the plea. It was held that the answer overruled the plea, but the plea might be amended on terms.

IN EQUITY. The bill set forth that the plaintiffs, Joseph M. Bell and others, were administrators of the estate of Joseph Bell, deceased; that Joshua Woodward, one of the defendants, being seized of a tract of land, in Haverhill (described), now occupied by him and James Woodward, the other defendant, on the 23d of November, 1840,

mortgaged the northerly part thereof, commonly called the Samuel Ladd farm, to P. Goss, and M. Goss, his wife, to secure a note of said Joshua to said M. Goss for $600 of that date. This note and mortgage have been since assigned to Spaulding, and by him to M. Hale; and said James Woodward, September 10, 1849, paid said M. Hale the balance due on the note, and took it up and canceled it, and M. Hale conveyed to James Woodward all her right to the land.

February 28, 1842, Joshua Woodward mortgaged all the land first described to said Joseph Bell, to secure payment of certain notes described, by his deed, duly executed and recorded, and a copy of which is annexed to the bill, and September 4, 1844, said Joshua made to said J. Bell his other mortgage of all said first described land, to secure certain other notes, described, which is duly recorded, and a copy annexed. All said notes to J. Bell are alleged to be due and unpaid.

The plaintiffs allege they are ready to pay James Woodward the amount due on the Goss mortgage, if any thing. They have requested of him an account of the sum due on that mortgage, and of the rents and profits received by him, to receive the amount due, and surrender the land to them; but he refuses on various pretenses. They pray answers, but not on oath, for an account of the amount due on the Goss mortgage, and leave to pay it, or bring the money into court, in satisfaction of said James' claim, for an account of the amount due on said mortgages to Bell, and that the defendants may be required to pay the same within a short day, to be fixed by the court, or be foreclosed, and for other relief, &c.

The defendants pleaded severally "that neither of the mortgages from Joshua Woodward to J. Bell, in the bill mentioned, included that part of the premises first described in the bill, that was mortgaged by said Joshua to P. Goss and his wife, as stated in the bill, and known as

the Samuel Ladd farm, nor any part thereof," and they are advised that said bill, in seeking redemption of the Goss mortgage, and in asking for a foreclosure of said mortgages to Bell, is for matters not of the same nature, but which have no connection with each other, and to which the defendants ought not to be required to answer by the same bill, pray judgment and to be dismissed with costs.

With his plea each defendant files his answer, "relying and insisting on his plea, and in aid and support thereof, &c., says that Joshua W. did not, at the times mentioned, nor at any time, mortgage to J. Bell all the land first described in said bill, nor any part of the land, which was embraced in the mortgage to Goss and wife, and known as the Samuel Ladd farm. He was not, at the date of the execution of said mortgages, nor at any other time, in possession thereof, and did not live on, or carry on any portion thereof. He never carried on said Samuel Ladd farm, and said farm was not, nor any part of it, at the time of the execution of said mortgages to Bell, any part of the farm on which said Joshua lived, or which he carried on, but was then and for a long time thereafter, in all its parts, an entirely different, other and distinct farm therefrom, and always was so before the times of the execution of those mortgages. And said Samuel Ladd farm, then, long before, and ever since, was carried on by said James W."

The defendants deny all combination, &c., and the answers were sworn to. The plea was set down for argument.

*Hatch*, for the plaintiffs, contended that each plea seems to be or contain a demurrer for multifariousness. This objection can be taken by demurrer only; a plea or answer overrules the demurrer, and is a waiver of the objection. Mitf. Pl. 181, 182; *Ward* v. *Cooke*, 5 Madd. 122; *Gibb* v. *Claggett*, 2 G. & J. 14; *McElvain* v. *Willis*, 3 Paige 505; Story's Eq. Pl., secs. 453, 528, 647.

But the bill is not multifarious. The plaintiffs seek to foreclose two mortgages upon the same piece of land, and incidentally they offer to redeem a prior mortgage, which the tenant holds upon a part of the land; they must do so to maintain their bill. *Bell* v. *Woodward*, 34 N. H. 90; Story's Eq. Pl., secs. 530, 531, 534.

But the pleas are bad (1) for duplicity (if any force is to be given to the latter part of the pleas); Mitf. Pl. 294, 297, and note; *Watkins* v. *Stone*, 2 Sim. 49; Story's Eq. Pl., sec. 653; 2 Dan. Ch. Pr. 682; (2) because they are argumentative (if the latter part of the plea is to be regarded as stating a conclusion from the denial in the beginning of the plea); (3) because they are in the nature of a demurrer; Mitf. Pl. 297; 2 Dan. Ch. Pr. 677, 678; *Bell* v. *Woodward*; (4) because they are each pleaded to the whole bill, but answer only part of it. The plaintiffs claim to foreclose on the whole farm. Each plea denies that the mortgage covers a certain part of it, and is silent as to the remainder. Mitf. Pl. 294, 295, 300; Story's Eq. Pl., sec. 693; *Leaycraft* v. *Dempsey*, 4 Paige 124; *Woodcock* v. *Bennett*, 1 Cow. 711. (5) They do not deny all the facts alleged in the bill which go to make out the plaintiffs' title to even the Samuel Ladd farm. Story's Eq. Pl., sec. 680; 2 Dan. Ch. Pr. 688.

The answer being in form to the whole bill, but in reality to part of it only, overrules the plea. *Leaycraft* v. *Dempsey*, 4 Paige 124. And the answer is to that part of the bill covered by the plea, and so overrules it. Mitf. Pl. 299; Story's Eq. Pl., sec. 688; Dan. Ch. Pr. 701, 702, 703; *Bogardus* v. *Rector Tr. Ch.*, 4 Paige 178; *Sauzer* v. *DeMeyer*, 2 Paige 574; *Thing* v. *Edgor*, 2 Sim. & St. 274. No answer was necessary, in this case, with the pleas filed; but the effect of filing the answer is still to overrule the plea. Story's Eq. Pl., secs. 680, 681, 688; 2 Dan. Ch. Pr. 691, 692, 693.

In their present form the pleas do not admit of an

answer. The defendants, by plea, negative an allegation of the bill, and then, assuming the plea to be true, demur to the bill for multifariousness. If the plaintiffs join the demurrer, they admit the plea to be true, and abandon a part of the claim which they mean to pursue. If they reply to the plea, they leave the demurrer not answered, and abandon all that part of their claim which the plea does not cover. If the plea were true, and the bill multifarious for that reason, the defendants might have the benefit of the defense at the hearing, but can not set it up as they now attempt to do. See authorities before cited, and *Abbot* v. *Johnson*, 32 N. H. 9.

But the bill is not multifarious, whether the mortgages to Bell cover the Samuel Ladd farm or not. The bill is against the mortgagee and his assignee in possession, as to all the land described in the mortgage. If the plaintiffs' construction of their deeds be erroneous, and the Samuel Ladd farm is not covered by them, they are still entitled to proceed for all the lands the defendants admit to be in the mortgage. They are no worse off in equity than they would be at law. There will be neither multifariousness nor variance from the case stated in the bill, but simply a failure to sustain a part of the claim made in the bill, which is a common case in law as well as in equity. *Dennett* v. *Dennett*, 40 N. H. 498.

The pleas, though pleaded to the whole bill, answer but a part of it, and a large part of the claim is left unanswered. The rule, that every material allegation in the bill should be answered by the pleadings, is fundamental in chancery practice. *Woodcock* v. *Bennett*, 1 Cow. 71.

In the position in which the cause is placed by the pleas as filed, the plaintiffs can do nothing but set the pleas down for a hearing. Mitf. Pl. 301; Story's Eq. Pl., sec. 689; *Thomas* v. *Brashear*, 4 Mon. 67. We can not except to the answer till the sufficiency of the plea is established. Mitf. Pl. 317; Story's Eq. Pl., sec. 689. And the defend-

ants must be put to answer the bill, as they should have done at first. They can not amend or plead anew. Mitf. Pl. 301, note, 303, note; *Rowley* v. *Eccles*, 1 Sim. & St. 511; *Kirby* v. *Taylor*, 6 Johns. Ch. 242. In this particular case such a judgment will impose no real hardship on the defendants. See *Bell* v. *Woodward*, 34 N. H. 90.

*C. R. Morrison*, for the defendants.

If the mortgages to Bell did not cover the Samuel Ladd farm, the bill can not be sustained in its present form against these defendants. A plea, as in this case, denying a material and essential fact, is entirely proper. The pleas are not open to the objections taken to them. *Abbot* v. *Johnson*, 32 N. H. 9; *Bellows* v. *Stone*, 14 N. H. 175; *Tilton* v. *Tilton*, 9 N. H. 385; Story's Eq. Pl., sec. 670–686; *Kirby* v. *Taylor*, 6 Johns. Ch. 242; Story's Eq. Pl., sec. 271 and 530; Dan. Ch. Pr. 803, 877, 878; *Blaisdell* v. *Stephens*, 16 Vt. 179; *Harris* v. *Harris*, 3 Hare 450–452; Story's Eq. Pl. 673, note, 679; Dan. Ch. Pr. 114–132.

The plaintiffs are not embarrassed, as they suggest. The plea does not contain a demurrer. It denies a material averment of the bill, and draws an inference from the denial — whether rightly or not, the plaintiffs need not notice it. They may reply to the matter of fact stated, and the question will be, is it true or not? *Bogardus* v. *Trinity Church*, 4 Paige 148–193; Dan. Ch. Pr. 784, 967. If the inference is legitimate, the plea is good. If not, and the fact pleaded, if found for the defendants, is so material as to put an end to the suit, the plea is still good, and the inference surplusage, which does not vitiate. Beames' Pl. in Eq. 19, 20.

The plaintiffs can not sustain their bill without proving the fact denied in the plea. A failure to do that would not be merely a failure to prove part of their claim. The bill is not divisible, and if not proved as laid, it is a mis-

description, or variance. If a contract is misdescribed, the variance is fatal. The mortgages are contracts, and they are described as embracing two distinct parcels of land; if they include but one they are different instruments from those described. The variance is as marked as if the mortgage debt was misstated.

If the foreclosure was considered the principal object of the bill, and the other matters subordinate (which we do not admit), yet the fact put in issue by the plea must be proved. Without it the case and the contract would be substantially variant. The plaintiffs must show that both defendants have an interest in the matter, or are liable to their suit. Dan. Ch. Pr. 372, 373. It was sufficient that each has an interest in some matters connected with the others (Story's Eq. Pl. 271, a), though not in all. Yet, an interest in some of the matters by each is essential. The bill does not show that James W. has any interest, except as to the S. Ladd farm, nor any connection with the mortgages, except by that. If the mortgages do not cover the Ladd farm, there is no ground for proceeding against him, nor against Joshua in a suit against both. They could not be joined. It is not material whether it is called a case of variance, or misjoinder of parties, or multifariousness. In its present form the action can not be maintained. It is to avoid the expense and inconvenience of contesting many unconnected matters, that the defendants have traversed a single fact, which, if found for them, decides the cause, and is the chief point in controversy.

The pleas are properly pleaded to the whole bill. If true, they dispose of the whole, and furnish sufficient reason why the defendants should not answer, except so far as is requisite to support the plea. All other matters are covered by the plea — a technical phrase which imports that they are not required to be answered. Wigr. on Disc. 172–181. Allegations, which, if uncontradicted, would

invalidate the plea, must be answered. A plea is not hurt by an answer, which relates exclusively to the matter of the plea. *Ibid;* Story's Eq. Pl., sec. 688, note. The answers conform to this rule. The defendants have answered such matters in the bill as related to the facts alleged in the plea. They have not answered any thing material that is covered — that is, shielded or protected from being answered by the plea.

*Felton,* on the same side.

The objection that a bill is multifarious, should be taken by demurrer, when it appears on the face of the bill. If not, it may be taken by plea (Story's Eq. Pl., sec. 747); or, if shown by answer, it may be taken at the hearing. *Abbot* v. *Johnson,* 32 N. H. 9. A plea in bar, or to the merits, might be a waiver of this objection; but our pleas are to the bill on the ground of multifariousness. Story's Eq. Pl. 747. The bill proceeds for the redemption of the Goss mortgage, and the foreclosure of the Bell mortgages, things unconnected and unlike, if the pleas are true.

Generally, all material matters alleged in the bill, must be answered, and must be subjects of proof. Story's Eq. Pl. 605, 606, note. The pleas limit the litigation to the matter in dispute. The question, whether the Ladd farm was mortgaged to Bell, can be as well tried upon these pleadings as upon answer to the whole bill, and with as little prejudice to the plaintiffs. If the pleas prove true, the plaintiffs must commence anew, unless they can amend. If untrue, the defendants must answer, or plead to the merits. *Coe* v. *Turner,* 5 Conn. 91, is in principle like this; and see 5 Conn. 352. If the pleas are true, it does not appear that James W. had any interest in the subject of the bill, so that he could be properly joined. Story's Eq. Pl. 271.

The pleas are of the class called not pure or anomalous

Bell *v.* Woodward.

pleas, and should be accompanied by answers. Story's Eq. Pl. 670.

The bill alleges that the Ladd farm, mortgaged to Goss and wife, was included in the Bell mortgages. The pleas deny this. The bill charges other circumstances, as evidence of that fact, as by annexing the mortgage deeds, containing descriptions, and stating that Joshua Woodward was, at the date of the first mortgage to Bell, in possession of the premises and living thereon, and thereby substantially charges that Joshua, at the date of Bell's first mortgage, lived on said Ladd farm and carried it on. To these things thus charged the answers apply, conformably to the rule stated. Story's Eq. Pl. 674, 675, and note.

A plea is not argumentative merely because it states matters directly amounting to a good defense, and then draws a legal inference, nor is objectionable for duplicity on that account. It would be argumentative if it stated only facts, from which the defense is to be inferred without being directly stated.

BELL, C. J. The objection of multifariousness, where it appears on the face of the bill itself, can be taken only by demurrer. If no demurrer is filed, the objection is waived, and can not be insisted upon at the hearing on plea or answer; but where the objection is not apparent on the bill, but is introduced and shown by plea or answer, it must of course be open to the defendant on the plea or answer. *Abbot* v. *Johnson*, 32 N. H. 9; Dan. Ch. Pr. 350, 396.

On the bill in this case this objection can not be sustained. In a bill for foreclosure all parties interested in the property, whose rights may be affected by the decree, are properly made parties. *Haines* v. *Beach*, 3 Johns. Ch. 459. The defendant, James Woodward, could not suffer a decree of foreclosure of the whole property alleged to

be mortgaged to pass, unless proper provision was made for the payment or allowance of his earlier mortgage upon part of it. It was, therefore, essential for the plaintiffs, in order to entitle themselves to a foreclosure, to offer to pay, and to ask leave to pay that mortgage. It could be no subject of complaint that proper allegations, to show the necessity of this step, were introduced into the bill; nor that Joshua Woodward had no interest in the matter of the redemption of the Goss mortgage. When the object of a bill is single (as in this case, to obtain a foreclosure of their mortgages), to establish and obtain relief for one claim, in which all the defendants may be interested, it is not multifarious, although the defendants may have separate and distinct interests. Dan. Ch. Pr. 392, 386; *Bugbee* v. *Sargent,* 23 Me. 269; *Brinkerhoff* v. *Brown,* 6 Johns. Ch. 156, 157; *Boyd* v. *Hoyt,* 5 Paige 65; *Dimmock* v. *Bigsby,* 20 Pick. 377; *Cornwell* v. *Lee,* 14 Conn. 524; *Mix* v. *Hotchkiss,* 14 Conn. 32. No demurrer would lie to the bill, therefore, because it was there distinctly alleged that the mortgages, under which the plaintiffs claim, included the lands conveyed by the Goss mortgage.

The defendants then were driven to their plea to avail themselves of the fact that the bill really includes, if their plea is true, two distinct causes of action entirely unconnected and separate, and which can not be rightfully united in one bill.

By their plea they allege that the mortgages, under which alone the plaintiffs claim, do not include the land conveyed in the Goss mortgage; and, therefore, the bill, by seeking redemption of that mortgage, and a foreclosure of the mortgage to Bell, is for matters not of the same nature, having no connection with each other, and to which the two defendants ought not to be required to answer by one bill.

Now, where the plaintiff's right to the relief or dis-

Bell *v.* Woodward.

covery he seeks depends on a single point, the defendant, instead of answering all the allegations of the bill, may insist on the fact which he relies on as a bar, or deny some fact alleged in the bill, which is essential to the maintenance of the plaintiff's claim. He may thus narrow the investigation, and save the expense of evidence, as to all the other matters made material by the bill, or which might be made so by the answer. Story's Eq. Pl., sec. 652.

As the right to redeem the previous mortgage depends on the fact that part of the property is included in the mortgage to Bell, and as the only connection between the foreclosure of the Bell mortgage and the redemption of the Goss mortgage is found in that fact, a denial of that essential fact, properly pleaded and supported by evidence, must be fatal to the bill. Story's Eq. Pl., sec. 271 ; *Boyd* v. *Hoyt*, 5 Paige 79.

The principal question remaining is, whether the plea is well pleaded.

The objection of duplicity, which is suggested in the argument, does not seem to us well founded. The object of the plea is to show that the bill is in fact multifarious, by denying the only fact which constitutes a connection between the two subjects of the bill — the proposed redemption of one mortgage, and the foreclosure of the others. It is a single point.

If the plea was designed, as it might have been, to bar so much of the bill only as looks to the redemption, by denying the right of the plaintiffs to redeem the Goss mortgage, and by contesting the only title under which they claim a right to interfere, and equally where it is pleaded to the whole bill, the statement of the plea in relation to the distinct nature and want of connection of the claims in the bill, and the conclusion that they are, therefore, not bound to answer them in one bill, does not make the plea double.

Those statements set up no distinct ground of defense.

They are of themselves no plea, and they must, as to that point, be regarded as mere redundancy and surplusage, which can not affect the residue of the plea. Story's Eq. Pl. 498 ; Beames' Pl. in Eq. 19, 20 ; Cooper's Eq. Pl. 226.'

Neither is the plea argumentative. It is a direct denial of the fact that Bell's mortgages included the Ladd farm, and, therefore, the claim to redeem and that to foreclose, were distinct and unconnected matters, which could not be included in one bill. It would have been argumentative, if it had merely stated facts, from which the court might draw the inference that the Ladd farm was not so included ; as if the facts stated in the answer had been substituted for the denial in the plea.

We are unable to see any foundation for the idea that there is a demurrer implied in the plea, or that there could be any hazard in pleading to the facts stated. What remains beyond that, is the party's conclusion of law from those facts, which is not debatable.

It seems, also, to be understood that the defendants rely in their pleas upon the fact that the plaintiffs had no title to the land covered by the Goss mortgage, as a defense to that part of the bill, omitting to make either answer or defense to the residue. If the plea should be regarded in that light, the fact denied is vital both to the right to redeem the Goss mortgage, and to include the Ladd farm in the foreclosure sought. . If well pleaded, it is decisive against both, and a good defense to so much of the bill.

The rule of pleading on this subject is thus laid down : If a plea is to the whole bill, but does not extend to or cover the whole, the plea is bad. *Wedlake* v. *Hutton,* 3 Anst. 636 ; Cooper's Eq. Pl. 229, 230 ; Story's Eq. Pl. 537, 659 ; *Van Hook* v. *Whitlock,* 3 Paige 418 ; *Jarvis* v. *Palmer,* 11 Paige 650.

No definite rule has been found, as to the manner in which it shall be stated in a plea to what part of the bill it is intended to apply. If it is understood that if the

plea is not limited in its introductory part to a specified part of the bill, it will be understood to apply to the whole ; then in the present case, in the view we are now taking of it, the plea must be held bad, as it has no such limitation.

Where it appears from the plea itself, and the nature of the facts stated or denied, to what it must be intended to apply, such an express limitation does not seem necessary ; and here it is quite apparent that the fact denied must be intended as an answer only to so much of the bill as relates to the Goss mortgage.

But it is said in the books, that a plea may be bad in part, and not in the whole ; as if a plea covers too much, the court will allow it to stand for the part which it properly covers. *Dormer* v. *Fortescue*, 2 Atk. 284 ; Beames' Pl. in Eq. 44, 45 ; *French* v. *Shotwell*, 20 Johns. 668 ; S. C., 5 Johns. Ch. 555 ; *Kirke* v. *White*, 4 Wash. C. C. 595. The case of *French* v. *Shotwell* was one where the plea in its commencement applied to one point of the bill, yet the conclusion was in express terms to all the relief prayed by the bill ; and *Kent*, Chan., says : " The plea was more extensive than the subject matter to which it related, but the remedy for such a defect is mild and liberal. It is only to order the plea to stand for so much of the bill as it properly covers, and no more, and to require the defendant to answer to the residue of the bill."

But this is not our understanding of the effect of the plea. We regard it as a plea of multifariousness, pleaded to the whole bill, and designed to defeat it wholly, and, so far as the facts and nature of the plea are concerned, quite sufficient, if proved, to have that effect. *Boyd* v. *Hoyt*, 5 Paige 79 ; *White* v. *White*, 5 Gill 359.

It is said that the plea is overruled by the answer. The plea is what is called a negative plea, relying wholly upon a denial of essential allegations of the bill. To such pleas the general rule requires an answer to be filed, as was

done in this case, subsidiary to the plea. Story's Eq. Pl.
511; Beames' Pl. in Eq. 34, 35; Hare on Disc. 34, 36; *Crow*
v. *Tyrrell*, 2 Madd. 409; *Drew* v. *Drew*, 2 V. & B. 159; *San-
ders* v. *King*, 6 Madd. 61; cited 2 S. & S. 274. The cases
to which this rule does not apply are not numerous, and
are not material here. Upon the argument of a plea,
every fact stated in the bill, and not denied by the answer,
in support of the plea, must be taken to be true. Story's
Eq. Pl. 511, 516. A plea which negatives the plaintiff's
title, though it may protect a defendant generally from
answer and discovery, as to the subject of the bill, does
not protect him from answer and discovery as to such
matters charged as evidence of the plaintiff's title, which
is denied. *Sanders* v. *King*, 6 Madd. 61. Such a plea
must be accompanied by an answer to the facts alleged in
the bill, and those only, which, if true, would disprove
and invalidate his plea, and to all the matters which are
specially alleged as evidence of these facts. Hare on Disc.
34–36; *Crow* v. *Tyrrell*, 2 Madd. 409; *Bellows* v. *Stone*, 8
N. H. 287; Story's Eq. Pl. 517, 527. The answer must
be full and clear, or the court will intend the matter
against the pleader. Story's Eq. Pl. 527.

The answer must not extend beyond the facts and cir-
cumstances necessary to support the plea; for if any part
of the bill is answered, which the defendant, by his plea,
declines to answer, the plea will be overruled. Story's
Eq. Pl. 532; Mitf. Eq. Pl. by Jer. 299; *Cuttington* v. *Fletcher*,
2 Atk. 155; *Port Arlington* v. *Soulby*, 6 Sim. 536; S. C.,
7 Sim. 28; *Hook* v. *Dorman*, 1 S. & S. 227; *Batton* v. *Gard-
ner*, 3 Paige 273; *Furguson* v. *O'Hara*, 1 Pet. C. C. 493.

A plea which concludes generally, whether the defend-
ant ought to make answer to any matters contained in the
bill in any other manner, is a plea to the whole bill. *Alli-
son* v. *Sharply*, Hard. 98; Beames on Pleas, 47; and other
cases cited in Welf. Eq. Pl. 302 (*e*). The plea here is
pleaded in the most general form to the whole bill. It is

not limited in the introduction nor in the close to any particular part of the bill; and the ground taken by the plaintiffs is, that when the plea goes to the whole bill, any answer whatever overrules the plea. Story's Eq. Pl. 537. While the defendants contend that they were bound to answer the matters alleged in the bill, which, if taken to be true, would disprove their plea, and those alleged in it, which are alleged as evidence bearing upon those points, and that the answer is strictly limited to those matters. And the difficulty is not in the answer, but in the form of the plea. If the plea had been limited in terms to such matters in the bill, as related to the relief and discovery prayed, bearing on the question whether the Ladd farm, which was mortgaged to Goss, was included or not in the mortgages to Bell, the case would have been clear, and the answer would have been properly drawn in support of the plea.

Instead of praying judgment, if the defendants ought to make any other or further answer to said bill, it should have added, except so much thereof as relates to the subject-matter of said plea; but there is no such, nor any other limitation of the plea.

Now the rule is, that "in every case where an answer is required to accompany a plea, the plea should not cover the whole bill; but it should cover so much of the bill only as does not relate to the discovery of the particular facts to which the plaintiff has a right to require an answer. If it covers (excludes) such a discovery, it will be bad, because the defendant is bound to make that discovery." Story's Eq. Pl. 686; *Port Arlington* v. *Soulby*, 6 Sim. 356; 2 Dan. Ch. Pr. 694, and note.

*Port Arlington* v. *Soulby* was a bill to cancel a bill of exchange, alleged to be a security for money won at play. The bill charged notice of the facts to the holder and indorsee, and that he had books and papers, &c., from which the truth would appear. The defendant pleaded

Bell *v.* Woodward.

to the whole bill, that he was a *bonâ fide* holder for value without notice, and put in an answer denying that the bill was indorsed after due, or that he had notice, but saying nothing of books, &c., and the plea was overruled for this defect. The plea was amended by leave, and the books, &c., denied, and the plea as amended was held bad, because the plea was to the whole bill; whereas it should have been to all the relief and all the discovery, except certain parts. Story's Eq. Pl., sec. 687; Wigram on Disc. 162 *et seq.*

In *Sauzer* v. *DeMeyer*, 2 Paige 574, the defendants pleaded the statute of limitations to the bill, and at the same time put in an answer denying the whole equity thereof. It was held the defendant can not plead and answer to the same matter. If he answers as to those matters, which, by his plea, he has declined to answer, he overrules his plea. And it was held that the plea in this case was overruled by the answer.

Within the rules and decisions thus stated, it seems that the plea in this case is overruled by the answer.

But we find the rule laid down that if a plea is bad in form only, but good in substance, as to the whole or any part of the bill, and was not pleaded in bad faith, it will be permitted to stand as part of the defendant's answer, or the defendant may be permitted to insist on the same matter in his answer; *Sauzer* v. *DeMeyer*, 2 Paige 674; *Jarvis* v. *Palmer*, 11 Paige 650; *Dormer* v. *Fortescue*, 2 Atk. 284; or he may be permitted, and this seems to be the better course, to amend on terms. Newland's Ch. Pr. 121; Brightley's Eq. Jur. 471; *Leaycraft* v. *Demsey*, 4 Paige 126; Story's Eq. Pl., sec. 701, 894, 895; Dan. Ch. Pr. 804, 805.

The plea is disallowed, but with leave to amend.