1831.

Souzer
v.
De Meyer.

---

## Souzer and wife *vs.* J. De Meyer & N. De Meyer.

A defendant cannot plead and answer, or plead and demur, as to the same matter.

If he answers as to those matters which by his plea he has declined to answer, he overrules the plea.

So if a plea and demurrer are to the same part of the bill, the demurrer is overruled.

If the defendant is willing to give the discovery sought by the bill, and has a defence which might be pleaded in bar, he will have the full benefit of such defence, if he sets it up, and insists, upon it in his answer.

Where the complainant sets up equitable circumstances in his bill, in anticipation of a plea and to defeat the same, the defendant must support his plea by an answer as to those equitable circumstances, in addition to the general denial thereof in the plea.

If the answer admits, or does not fully deny such equitable circumstances, they may be used on the argument to falsify the plea.

And if they are denied by the plea and the answer, the complainant may take issue on the plea, and prove the same.

If the plea is falsified by the proofs, the complainant will be permitted to examine the defendant on interrogatories, if a discovery is necessary.

If a plea is bad in form only, but good in substance, as to the whole or any part of the relief sought by the bill, and was not pleaded in bad faith, it will be permitted to stand as a part of the defendant's answer, or the defendant may be permitted to insist upon the same matters in his answer.

The statute of limitations may be interposed against legacies, if not charged upon the land, as well in equity as at law.

Where a suit comes up by an appeal from a vice chancellor, if the present vich chancellor of the circuit from which the suit came was originally of counsel in the cause, the suit will be retained by the chancellor.

THIS was an appeal from a decretal order of the late vice chancellor of the second circuit. The defendants plead the statute of limitations to the whole bill, and at the same time put in an answer denying the whole equity thereof. The vice chancellor made an order, declaring, among other things, that the statute did not apply, and was no defence to the matters and charges contained in the bill; and for that reason he overruled the plea, with liberty, however, to the defendants to insist on the statute in their answer as a defence.

*L. Elmendorf,* for the appellants. The statute of limitations is a bar to the complainants' right of recovery. A demand to be exempted from the operation of the statute, must be exclusively of equity jurisdiction. Here the complainants had a remedy at law for the legacies claimed by them in their bill. Wherever a devisee enters upon land, avowedly under a devise, subject to the payment of a legacy, charged thereon by the will, a promise to pay the legacy may be implied. Here, we admit, we have made payments towards these legacies, which are evidence of, and equivalent to an express promise. The liability at common law, in such cases, is not put upon the promise, but upon the consideration received by the devisee, from which a promise is implied. (*Beecker* v. *Beecker,* 7 John. R. 99. *Van Orden* v. *Van Orden,* 10 id. 30. *Kane* v. *Bloodgood,* 7 John. Ch. R. 90. *Murray* v. *Coster,* 20 John. R. 576. *Goodrich* v. *Pendleton,* 3 John. Ch. R: 390. *Kelsey* v. *Deyo,* 3 Cowen's R. 133.)

*B. F. Butler,* contra. The legacy being charged on the land, the complainants have no remedy for the same at common law; and the statute of limitations cannot therefore be pleaded in bar of a recovery in this court. To give a remedy at common law, there must be either an express promise to pay on the part of the devisee, or a part payment by him, from which a promise may be implied. The legatee cannot charge the land in the possession of the devisee, ex-

1831.

Souzer
v.
De Meyer.

cept by a bill in equity: We allege also the insolvency of one of the devisees. A suit at law against him would, therefore, be nugatory. (*Bailey* v. *Jackson*, 16 John. R. 210. *Pelletreau* v. *Rathbone*, 18 id. 428. *Tole* v. *Hardy*, 6 Cowen's R. 333. *Birdsall* v. *Hewett*, 1 Paige's R. 32. *Cook* v. *Grant* id. 407. But here, the plea and the answer being to the same matter, the plea was overruled by the answer. The order of the vice chancellor overruling the plea was therefore correct, for this cause.

THE CHANCELLOR. It is a well settled principle of equity pleading, that the defendant cannot plead and answer, or plead and demur, as to the same matter. If he pleads to any part of the bill, he asks the judgment of the court whether the matters of the plea are not sufficient to excuse him from answering so much of the bill as is covered by the plea. Therefore, if he answers as to those matters which by his plea he has declined to answer, he overrules the plea; and if he demurs to any part of the bill, and also puts in a plea, which is a special answer to the same part, the demurrer is overruled. If he is willing to give the discovery sought by the bill, and has any defence which might be pleaded in bar of the relief sought, he will have the full benefit of such defence, if he sets it up and insists upon it in his answer. This is always the better course, where the expense of a full answer will not be great; especially if there is any doubt as to his right to set up the particular defence by way of plea.

In some cases, where the complainant anticipates the plea, and sets up equitable circumstances in his bill to defeat the same, the defendant is not only permitted, but actually required, to support his plea by an answer as to those equitable circumstances. This, however, is only an exception to the general rule; and the answer is not put in as a defence, but to give the complainant the benefit of a discovery to defeat the plea, which only contains a general denial of the equitable circumstances. Even in that case the plea does not profess to cover the *discovery* as to those particular allegations in the bill. If they are admitted, or not fully denied by the answer, it may be used, on the argument of the plea to

counter-prove the same. If they are denied, the complainant still has an opportunity to contradict the general denial in the plea, and the particular denial in the answer, by taking issue on the plea. And if the plea is falsified by the proofs, the complainant will not lose the benefit of his discovery as to the other matters in the bill, but may still examine the defendant on interrogatories, if a discovery is necessary. (Lube's Eq. Pl. 237, 335, 342. Mitf. 277, 302; 4 Lond. ed.) In the case now under consideration, the defendants have answered, as well as pleaded, to the whole of the charges in the bill, although no equitable circumstances were set up in anticipation of the plea. It is very evident, therefore, that this plea is overruled by the answer.

If the plea was bad in form only, but good in substance, as to the whole, or any part of the relief sought by the bill, and was not put in by the defendants in bad faith, the same should have been permitted to stand as a part of their answer, or they should have been allowed the full benefit of insisting upon the statute in their answer. But as the order has been drawn up in this case, although the defendants are to be permitted to insist upon the statute in their answer as a defence, it is somewhat doubtful, at least, whether they would not be precluded, on the final hearing, by the preceding part of the order, which declares that the statute is no defence to the matters and charges in the bill.

As to so much of the bill as seeks for a discovery and satisfaction of that part of the legacies which was not charged upon the land, I apprehend the statute would be a valid bar. The statute of this state having given a concurrent remedy in this court and in a court of law, to recover such legacies, it seems to follow that if the statute would be a good bar in an action at law for the legacy, it should be equally so on a bill filed in this court, for the same kind of relief. Whether the same principle would apply to the legacies chargeable on the land, after the defendants had subjected themselves to the payment thereof personally, or whether the complainants can call for an account for the period of twenty years in analogy to the limitation of actions at law to recover the

1831.

Brockway
v.
Copp.

possession of real estate, are questions not necessary to be decided on this informal plea. Those questions can be discussed more profitable at the hearing, when all the facts are before the court.

I think the order of the vice chancellor should be so modified as to strike out that part thereof which declares that the statute does not apply, and is no defence to the matters and charges in the bill. So as to leave the whole question, as to the merits of that defence, open for discussion at the hearing, if the defendants think proper to amend their answer, and insist upon the statute as a bar to all or any part of the complainant's claim. The costs on this appeal must abide the event of the suit. And as the present vice chancellor of the second circuit was formerly counsel in the cause, the further proceedings in the case must be had before the chancellor; the defendants to have thirty days, after notice of this decision, to file a supplemental answer by way of amendment for the purpose of insisting upon the statute.