Dickman, J.
Upon an examination of all the provisions of the will of Andrew Weiant, it becomes evident, that it does not — as contended by the plaintiff in error — create, nor was it the intention of the testator to create a trust that would not be subject to the operation of the statute of limitations. The devisee stood under certain obligations in reference to the annual installments of the legacy. But, the obligations devolved upon him after accepting the pro *32 visions of the will, did not amount to a continuing and subsisting trust within the meaning of section 6 of the Code. (S. & C., 941.) The class of trusts which as between the trustee and cestui que trust are not barred by the statute, embraces those technical, direct and express trusts which are of a nature cognizable solely in equity. It would not, therefore, include the almost innumerable cases of implied and constructive trusts so-called, as for example, deposits or bailments not special in their character, or other trusts analogous to these. The will of Andrew Weiant, while it makes it incumbent upon the devisee of the land to ■pay the legacy, does not create a direct trust, and devolve upon him such duties and obligations that he cannot claim the benefit of the statutory limitation. He is not made a custodian of money or lands which the testator has beneficially given to Emeline Carver, but at the same time placed in the hands of the devisee in the special confidence that he will pay out and manage the same for her use and benefit. The testator gave the devisee the personal estate absolutely, and by implication a fee simple in the real estate, imposing upon him an annual indebtedness to Emeline Carver. An obligation was created, but not a continuing trust in the sense of the statute. Instead of a direct, express trust cognizable in equity alone, by the act of accepting the devise, the devisee became liable to an action at law, the very moment he failed to pay an installment of the legacju The testator directed that the devisee should not be required to give bond and security as executor, nor be compelled to make an inventory and appraisement of property. If the testator intended to create a direct trust, it will be observed, that while the devisee is made executor, the will imposes upon the executor no duty in reference to the payment of the legacy, although the executor as such is generally presumed “to act as the trustee of the testator, to fulfill his intentions, and to be governed by his directions.” (Wills v. Cowper, 2 Ohio, 127.) The devisee had full power to manage the real estate so as to make profits or gains therefrom for himself, with no accountability to *33 the legatee as cestui que trust for resulting gains, and with no claim against the legatee for contribution towards taxes, or any of the expenses incident to the management of the property. Unlike a trustee charged with an express trust, however faithfully the devisee might manage the estate, having accepted the devise he became bound to pay the installments of the legac3r, though the property by depreciation might prove insufficient to pa3>- the same.
The question has arisen in this case, When was an action to recover the unpaid installments of the legacy barred by the statute of limitations? As soon as the devisee accepted the provisions of the will, an implied obligation arose on his part to pay the legac}r; and upon such an implied contract — not in writing — an action can be brought only in six years. No obligation, rested upon the deviseeuntil after the death of the testator, and the acceptance of the devise; there was no consideration moving to thedevisee from Emeline Carver, and there was nothing in the acts of the parties, or on the face of the will, that made-the devisee a party to a written contract. Any promise on his part to pay the legacy rested wholly in implication. If there was any privity of contract between the devisee and legatee it was created b}r law; and if there was any promise on the part of the devisee, it was only such as the law implied.
In Adams v. Adams, 14 Allen, 65, the declaration alleged,, that the defendant took a certain homestead estate as devisee under the will of John Adams, upon the condition, that he should within two 3rears after .the death of the testator, pay to Charles Adams, the plaintiffs’ intestate, the sum of six hundred dollars. Foster, J.: “ The sum payable to Charles Adams was a legacy which vested upon the-acceptance by the defendant of the devise to him on condition of its payment. Upon the acceptance of such a devise, the law-raises an implied promise by the devisee of the estate charged, in favor of the legatee of the money charged upon it. The legacy vested as soon as the defendant accepted the devise to him, although not payable till two *34 years after the testator’s death.” See also Brewer v. Dyer, 7 Cush., 337 ; Felch v. Taylor, 13 Pick., 133; Putnam v. Field, 103 Mass., 557; Stimpson v. Monmouth Mut. Fire Ins. Co., 47 Maine, 385; Mellen v. Whipple, 1 Gray, 321; Exchange Bank of St. Louis v. Rice, 107 Mass., 41; Carr v. National Security Bank, Ib., 45.
But it is contended, that by the will of Andrew Weiant, the payment of the annual installments of the legacy became an equitable charge upon the real estate ; and that the statute of limitations is no bar to a suit in equity for the recovery of the legacy bequeathed to Emeline Carver. By the Code of Civil Procedure, the distinction between actions at law and suits in equity was abolished, and for all such judicial proceedings the civil action is a substitute. Formerly in this state statutes of limitation embraced only remedies at common law, and not those cognizable in equity. But now, the lapse of time sufficient to bar the remedy, whether of a legal or equitable character, must be determined by reference to the statutory mandate.
In seeking for the statutory rule of limitation applicable to the equitable charge under consideration, we cannot adopt the rule governing suits on mortgage liens. A mortgage is a conveyance of the legal estate, which in law would entitle the mortgagee to his action for the possession of the mortgaged premises. A civil action to enforce this equitable charge, we do not think, can be classed among actions barred in twenty-one years “for the recovery of the title or possession of lands, tenements or hereditaments.” A vendor’s lien perhaps bears a closer analogy to the equitable lien created by the testator’s will; and it has been held in New York and other states, that an action to enforce the equitable lien for the purchase money of land, is barred by the lapse of six years after the debt has accrued; that the debt is the basis or foundation of the lien, and with it the lien must stand or fall. Borst v. Corey, 15 N. Y., 505; Clyde v. Simpson et al., 4 Ohio St., 462.
We are aware that it has been held in England, that the statute of limitations is no bar to a suit in equity for the *35 recovery of a legacy. But even in states where the provinces of law and equity are separate and distinct, if an action at law is allowed for the recovery of a legacy as well as a suit in equity, the statutory bar will operate in both tribunals. Souzer v. De Meyer, 2 Paige Ch., 577.
The devisee, in this case, by virtue of his acceptance of the provisions of the will, became personally liable to pay the legacy, on his implied obligation; and the statute law of Ohio enables a legatee to bring a civil action against an executor or administrator, for his or her share of the estate, upon a settlement, and order of distribution. Rev. Stats., § 6200.

Judgment affirmed.