TAYLOR A. SNOW *et al.*

*v.*

CHARLES COUNSELMAN *et al.*

*Filed at Ottawa January 22, 1891.*

1. PLEADING IN CHANCERY—*of the plea—its requisites.* Where a plea in chancery undertakes to answer the whole bill, but extends only to a part of the bill, the plea is bad.

2. A plea in chancery, like a demurrer, may be to the whole bill, or to a part, only. If not to the whole bill, it should definitely and exactly express to what part it extends.

3. Where the bill seeks to remove a cloud on title, a plea to the entire bill, denying none of the allegations on which relief is sought, but which merely sets up that the complainant is not entitled to relief for the reason he has not offered to pay the taxes paid by one under whom the defendant claims, on a sale of the property for taxes, is bad.

4. SAME—*general demurrer—where there are several grounds of relief.* Where a bill in equity sets out various claims to the interposition of the court, a general demurrer to the whole bill will be overruled if any of the claims afford a proper case for the jurisdiction of the court. So where a bill to set aside a deed as a cloud on title shows that complainant owns a part, only, of the premises affected by the deed, the bill will be good as to such portion, though bad as to the residue.

5. PARTIES—*on bill to remove cloud upon title.* A bill to set aside a quitclaim deed by one defendant to the other, alleged that the deed was made without consideration, in pursuance of a conspiracy between the parties thereto, for the purpose of extorting money from the complainant and others, and that they threaten to further cloud the title to the lots by executing other deeds: *Held,* that these allegations were sufficient to make the grantee in the quitclaim deed a proper defendant.

APPEAL from the Superior Court of Cook county.

This was a bill brought by Charles Counselman and others, against Taylor A. Snow and Asahel Gage, to set aside and remove, as a cloud upon the title of complainants, a certain deed executed by Asahel Gage to Taylor A. Snow, purporting to convey certain lots in the subdivision of block 28, in the canal trustees' subdivision, in Chicago. Gage interposed a general demurrer to the bill, and Snow a plea in bar, which were both overruled. The defendants electing to stand by the demurrer and plea, a decree was entered finding the facts as alleged in the bill, and granting the relief prayed.

It is alleged in the bill, that on the 13th day of October, 1880, Charles Counselman purchased from the owners block 28, in canal trustees' subdivision of the east half of section 31, township 39, range 14, east, in Cook county, and obtained a deed therefor; that on the 10th day of December, 1880, Counselman executed and recorded a plat of the block, subdividing it into one hundred lots. The bill also alleges that Counselman has sold all of the one hundred lots, and has conveyed all of them, except three, by warranty deed. It also appears from the bill, that Counselman and his co-complainants are the owners of twenty-seven of the lots, but the names of the owners of the remaining seventy-three are not disclosed. It is also set up in the bill, that on the 16th day of January, 1883, Asahel Gage made and executed a quitclaim deed, conveying his interest in all of the lots in said subdivision to Taylor A. Snow, except lot 37 in sub-block 2, for the expressed consideration of $1000, which deed has been recorded in the recorder's office of Cook county; that said Snow has written threatening letters to the owners of said several lots in said Counselman's subdivision, and gives out and pretends that by reason of said deed he has acquired some right, title and interest in the lots in said Counselman's subdivision, and that by reason of said deed the purchasers of said lots will lose their title; that by reason of the making and recording of said deed, and the writing of said letters, and the threats of said Snow, the title of

said lots has been clouded and impaired in value and rendered unmarketable, so that the owners of said lots can not sell them upon the market nor procure loans upon them; that said deed was made in pursuance of a conspiracy between Snow and Gage, for the purpose of extorting money from the owners of said lots; that Snow did not pay $1000 to Gage, nor any other sum of money; that neither Gage nor Snow has or had any right, title or claim to or upon said lots, or any of them; that Gage and Snow have already received and extorted from the owners of some of the lots in said subdivision large sums of money as the price of quitclaim deeds to remove the cloud cast thereon by Gage and Snow; that Gage and Snow threaten to further cloud the title to said lots by executing and recording other deeds, and appellee verily believes such deeds will be executed and the title further clouded unless Gage and Snow are enjoined by this honorable court from asserting any claim of title to said lots; that Gage and Snow be made defendants, and that they make answer without oath; that the deed from Gage to Snow may be adjudged and decreed to have passed no right, title or interest to said Snow; that the same may be canceled and set aside; that said Gage and Snow may be perpetually enjoined from making or recording any deeds or other instruments in writing relating to said lots, or either of said lots, in said Counselman's subdivision, and that they may be perpetually enjoined from setting up, asserting or claiming any right, title or interest in or to any of said lots in said Counselman's subdivision, or in any way clouding the title thereto, or impairing the merchantableness of the title to any of said lots; prays for summons and general relief.

The following is a copy of the deed executed by Gage to Snow:

"Quitclaim deed, Asahel Gage and wife to Taylor A. Snow; conveys all interest in lots 1 to 50, block 1, and 1 to 36, and 38 to 50, block 2, of Counselman's subdivision of block 28, in C. T.'s subdivision of the east half of section 31, T. 39 N., R.

13—136 Ill.

14, hereby intending to convey all interest by the deed which was issued to me by the city of Chicago, and burned in the comptroller's office of said city of Chicago in the great fire of 1871, thereby preventing the recording of the same, said deed being based on the sale of the whole of block 28, made by the city collector of the city of Chicago on the 20th of March, 1869, to William H. Haase, for delinquent city taxes of 1868, for $84.10, and a certificate of sale thereon issued to the purchaser, William H. Haase, who thereafter assigned the certificate of sale by indorsement to me, and it has not been heretofore conveyed by me."

The plea interposed by the defendant Snow, omitting the formal part, was as follows: "This defendant, * * * for plea to the whole of said bill, says, that heretofore the whole of block 28, in said canal trustees' subdivision, mentioned in said bill, was delinquent for the city taxes of 1868, in the sum of $84.10; that said taxes were not paid, and said land was afterward sold to satisfy said delinquency, and the certificate of the sale was issued to the purchaser, who afterward, and before the time of redemption expired, assigned said certificate to Asahel Gage; that said property was never redeemed from said sale, and the said Asahel Gage has never been reimbursed for the money by him so expended for said taxes; that afterward, and on or about the 16th day of September, 1882, the said Asahel Gage paid the taxes upon lots 1, 2, 11, 13 and 34, of block 1, and lots 1, 2, 3, 15, 16 and 23, of block 2, in said Counselman's subdivision, mentioned in said bill, which said Counselman's subdivision is a subdivision of said block 28, in the canal trustees' subdivision aforesaid; that said taxes were due, delinquent and unpaid at the time the same were paid by said Gage, and said Gage has not been reimbursed therefor, and said taxes have not been paid by any other person; that this defendant is now the owner of the interest of said Asahel Gage, and that since this defendant acquired the interest of said Asahel Gage he has not been reimbursed for the taxes

paid by his grantor, said Asahel Gage, as aforesaid, and that the complainants, or either of them, or their grantor or grantors, have not paid said taxes aforesaid, or any of them, excepting as to lots 17, 18 and 50, of block 2, of said Counselman's subdivision, as to which this defendant has been repaid said taxes; that said bill aforesaid asks the interposition of a court of equity to remove as a cloud from the title the interest this defendant acquired to said real estate from the said Asahel Gage, yet the said bill does not offer to do equity toward this defendant, or to refund to him the money paid by his grantor to extinguish the lien of said tax upon said property, wherefore, and by force of the matters and things aforesaid, the said bill became and is inequitable and unjust,—all which said matters and things this defendant doth aver and plead in bar to the whole of said complainants' said bill of complaint, and prays the judgment of this honorable court whether he shall make further or other answer to said bill of complaint."

Mr. Augustus N. Gage, for the appellants:

The plea presents facts sufficient to bar or stop any further proceedings. By setting the plea down for argument the truth of its allegations is admitted, the same as on demurrer.

A party seeking equity must do or offer to do equity. *Farwell* v. *Harding*, 96 Ill. 32; *Moore* v. *Wayman*, 107 id. 192; *Smith* v. *Hutchinson*, 108 id. 662; *Gage* v. *Nichols*, 112 id. 269; *Alexander* v. *Merrick*, 121 id. 606.

The bill shows that after suit he had parted with his title to all the lots in controversy except three. As to the lots sold by him he was entitled to no relief.

The bill showed that Gage, after his conveyance, was no longer claiming any interest in the lots. He was therefore not a proper party.

Messrs. WILSON & MOORE, and Mr. WILLIAM B. MCILVAINE, for the appellees:

Such plea in bar presented no defense to the merits of the complainant's case, and was properly overruled.

The plea was bad in assuming to answer the entire bill when it only answered a part.   See Story's Eq. Pl. sec. 693; 1 Daniell's Ch. Pl. and Pr. p. 683, sec. 8.

By going into a court of equity, complainant submitted to equitable terms.   *Gage* v. *Caraher,* 125 Ill. 447.

Gage's demurrer admitted the allegations in the bill, and they showed that he was a proper party.   If any part of a complainant's bill is within the jurisdiction of a court of equity, a demurrer to the whole can not be sustained.   *Brown* v. *Hogle,* 30 Ill. 119.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This record presents but two questions to be considered: First, did the court err in overruling the plea in bar, interposed to the bill by the defendant Taylor A. Snow; second, did the court err in overruling the demurrer of defendant Asahel Gage.

No replication was filed to the plea, but the plea was set down for argument, and under the rules of practice in chancery cases, where a plea to the bill is set down for argument the truth of its allegations is admitted, and the question to be determined is, do the admitted facts set up in the plea constitute a defense to the bill?   It will be observed that no answer was put in to any portion of the bill, and it will also be observed that the plea was interposed to the whole bill.

The facts alleged in the plea are, in substance, that block 28 was delinquent for the taxes of 1868 in the sum of $84.10; that the taxes were not paid, and the land was sold to satisfy the taxes, and a certificate of sale was issued to the purchaser, who, before the time for redemption expired, assigned it to Gage; that no redemption was made, and Gage has never

been repaid, and that afterwards Gage paid taxes on certain of the lots; that Gage has not been reimbursed; that defendant is now the owner of the interest of Gage, and he has not been reimbursed for the taxes paid by Gage; that the bill does not offer to do equity towards defendant, or refund the money paid by Gage to extinguish the lien of the tax on the property.

These are the facts alleged in the plea, which complainants admitted by setting the plea down for argument, and it is apparent, upon an inspection of the allegations of the bill, that the facts pleaded did not constitute a bar to most of the bill. No allegation of the bill upon which complainants relied for relief is denied by the plea. No defense whatever is set up in the plea to the matters relied upon in the bill. That complainants are entitled to the relief prayed for in the bill, is not denied; but it is set up in the plea, that they are not entitled to relief except upon condition that they reimburse defendant for certain taxes alleged to have been paid on the lots. The plea, although purporting, on its face, to be an answer to the whole bill, extends only to a part of it. It extends only to that part of the bill which asks for unconditional relief. Where a plea in chancery undertakes to answer the whole bill, but extends only to a part of the bill, it is bad. Story, in his Equity Pleadings, (sec. 693,) says: "A plea, like a demurrer, may be either to the whole bill, or to a part, only, of the bill. If it does not go to the whole bill, it should definitely and exactly express to what part it extends. * * * If a plea is to the whole of the bill, but does not extend to or cover the whole, the plea is bad." We think the plea was bad, and the court did right in overruling it on the argument.

We now come to the second point. It is claimed by Gage, in support of his demurrer to the bill, first, that it appears upon the face of the bill that he has no interest whatever in the subject matter of the litigation, and was therefore not a proper party to the bill. There is one allegation of the bill, it is true, alleging that on the 16th of January, 1883, Gage

executed a quitclaim deed, conveying his interest in the lots to Snow, and if the bill contained no other allegation showing Gage connected with the matters involved, there would be much force in the position of counsel. But upon an examination of the bill it will be found that it is charged that the deed was made in pursuance of a conspiracy between Snow and Gage, for the purpose of extorting money from the owners of the lots,—that no consideration was paid for the deed. It is also alleged that Gage and Snow have extorted from the owners of some of the lots large sums of money for quitclaim deeds, to remove the cloud cast upon their titles; that they threaten to further cloud the title to the lots by executing and recording other deeds. These and other allegations of the bill, which are admitted to be true by the demurrer, sufficiently connect Gage with the subject matter of the litigation.

It is also claimed that the bill was demurrable, for the reason that it showed, on its face, as to seventy-three of the one hundred lots complainants had no interest, and at the same time the bill sought to enjoin the defendants from asserting any title to those lots. Where a bill in equity sets out various claims to the interposition of the court, and a general demurrer is filed, the demurrer will be overruled if any of the claims afford a proper case for the jurisdiction of the court. (*Brown* v. *Hogle*, 30 Ill. 119.) Here a general demurrer was filed, and the bill was sufficient as to a portion of the lots, as respects ownership, although it might be bad as to those complainants did not own. Under the rule in the case cited the demurrer was properly overruled.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*