(No. 11736.—Reversed and remanded.)

ANNIE E. WEBER, Appellee, *vs.* HENRY J. FITZGERALD, Appellant.

*Opinion filed December 19, 1917.*

1. PLEADING—*when rule that plea is overruled by filing general answer does not apply.* The rule in equity that the filing of a general answer denying every allegation of the bill overrules a plea, also filed by the defendant, going to the whole bill, does not apply where the complainant did not test the sufficiency of the plea in the trial court but treated both the answer and the plea as compatible defenses and took issue upon both.

2. SAME—*when complainant is not relieved from proving her bill.* Where the defendant, after filing an answer denying every allegation of the bill, files a plea to the whole bill, if the complainant takes issue upon both the answer and the plea she will not be relieved from proving the material allegations of the bill.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

GOODRICH, VINCENT & BRADLEY, (WARREN NICHOLS, of counsel,) for appellant.

SPINK & SPINK, for appellee.

Mr. Justice Cooke delivered the opinion of the court:

Annie E. Weber, appellee, claiming to be the owner of certain vacant and unimproved real estate in the city of Chicago, filed her bill in the circuit court of Cook county to remove as a cloud upon her title a deed from John C. Black, dated December 11, 1905, to Henry J. Fitzgerald, appellant. The bill alleges that the property was conveyed to appellee November 14, 1914, by Nicholas J. Haynes; that on March 12, 1901, Isaac N. Perry purchased this real estate at a foreclosure sale and a master's certificate of sale was issued to him; that on October 23, 1903, Perry conveyed the real estate to John C. Black, who, in turn, conveyed it by quit-claim deed to appellant; that no master's deed was ever issued and more than five years have elapsed since the expiration of the time for redemption from the foreclosure sale, and that the certificate of sale is therefore null and void; that appellant attempted to have the title to the property registered in his name under the Torrens act; that he contracted to sell it as his own and sought to obtain from the Chicago Title and Trust Company a guaranty policy guaranteeing the title in him; and that appellant's pretended chain of title is a cloud on the title of appellee to this real estate and tends to depreciate the value thereof and prevent its sale. The bill concludes with a prayer that the deed of December 11, 1905, from Black to appellant be set aside as a cloud on appellee's title, and that appellant be enjoined from asserting any claim or interest in the real estate in question.

Appellant filed a general demurrer to the bill, which was overruled, and he then filed a plea and an answer thereto. The plea does not refer to the answer, but sets up that on June 10, 1899, the Weber Fuel Company, a corporation, was the owner in fee simple of the real estate in question, which was then subject to a mortgage; that on that date the Weber Fuel Company made a voluntary assignment in the county court of Cook county to Albert S. Louer, as as-

signee, and conveyed to him all interest in these premises; that said assignee took possession of the premises and continued in such possession until November 20, 1899, when he resigned and appellant was appointed assignee; that appellant qualified and took possession of said real estate and has ever since been, and is now, in possession thereof as assignee; that in 1900 Edmund M. Ferguson secured a decree of foreclosure of the mortgage on said premises, and the real estate was sold pursuant to that decree and a certificate of sale dated March 22, 1901, was issued to Isaac N. Perry; that the appellant, as assignee, on December 11, 1905, purchased said certificate of sale, and thereupon, as such assignee, became vested with the title in fee simple to said real estate and has ever since been so vested as such assignee; that Nicholas J. Haynes was not the owner in fee simple of the real estate and did not possess title thereto on November 14, 1914, or at any other time, but prior to that time the Weber Fuel Company made a pretended conveyance of the property to Haynes, who, in turn, conveyed it to appellee; that appellee and Frederick W. Weber, her husband, were at all times the only stockholders of the Weber Fuel Company, and the conveyance to Haynes and the conveyance from Haynes to appellee were in fraud of the rights of the Weber Fuel Company and its assignee. The plea concludes as follows: "Wherefore this defendant pleads the same in bar to complainant's bill; all of which matters and things in said plea said defendant avers to be true and demands judgment and prays to be dismissed with his costs."

It will be observed that this plea is not in proper form as a plea in equity. By his answer appellant denies each and every allegation of the bill. The answer does not mention the filing of the plea nor does it purport to be filed in aid of the plea. Appellee filed general replications to both the plea and answer. On the hearing before the chancellor appellee offered in evidence the deed from the Weber Fuel Company to Nicholas J. Haynes and the deed from Haynes

to appellee; also a certified copy of bankruptcy proceedings in the district court of the United States for the northern district of Illinois against the Weber Fuel Company, showing the petition in bankruptcy filed July 1, 1899, the order adjudicating the Weber Fuel Company a bankrupt, a schedule of the liabilities and assets, including the real estate in question, signed by the Weber Fuel Company, and an order of dismissal of the bankruptcy proceedings on December 12, 1899; also two tax receipts showing payment by appellee of the general taxes for the years 1914 and 1915 assessed against the real estate in question. The husband of appellee testified that this real estate was vacant and unimproved. This was all the evidence offered. The defendant offered no proof and asked that the bill be dismissed. The court decreed that appellee had title in fee simple to the real estate in controversy and ordered that appellant be permanently enjoined from interfering with her possession of the same or claiming title thereto.

Appellant contends that the decree should be reversed because appellee failed to prove the material allegations of her bill, and that the allegations, proof and decree do not correspond. Appellee, in making her proof, seems to have proceeded on the theory that by filing his plea appellant admitted all the allegations of the bill and that the burden was on him to prove the matters alleged in the plea. The condition of the pleadings here presents an anomalous situation. Under the rules of equity pleading, by filing a general answer denying every allegation in the bill the plea filed by appellant was overruled. "If a plea is coupled with an answer to any part of the bill covered by the plea, and which, by the plea, the defendant consequently declines to answer, the plea will, upon argument, be overruled. The same principle will apply where there is a plea, and no answer whatsoever is required in support of the plea from any charges in the bill requiring a discovery, for in such a case any answer is impertinent and overrules the plea. The

reason of this doctrine is, that pleas are to be put in *ante litem contestatam,* because they are pleas, only, why defendant should not answer, and, therefore, if he does answer to anything to which he may plead he overrules his plea, for the plea is only why he should not answer, and if he answers he waives the objection, and, of course, his plea." (Story's Eq. Pl.—10th ed.—sec. 688.) "A plea that goes to the whole bill and is coupled with an answer not in support of it but which denies the equities set up in the bill is overruled by the answer." (Beach on Modern Eq. Pr. sec. 299.) In *Souzer* v. *DeMeyer,* 2 Paige, 574, the chancellor said: "It is a well settled principle of equity pleading that the defendant cannot plead and answer or plead and demur as to the same matter. If he pleads to any part of the bill he asks the judgment of the court whether the matters of the plea are not sufficient to excuse him from answering so much of the bill as is covered by the plea. Therefore, if he answers as to those matters which by his plea he has declined to answer he overrules the plea, and if he demurs to any part of the bill and also puts in a plea which is a special answer to the same part the demurrer is overruled."

In all the cases where this rule has been laid down and applied the sufficiency of the plea was tested in the trial court. The cases are few in which the question arises as to the effect of interposing both a plea and an answer to the same matter, as it does here, without the sufficiency of the plea having been tested before the chancellor. In the Encyclopedia of Pleading and Practice (vol. 16, p. 609,) the general rule as above stated is recognized, but it is stated in the succeeding paragraph (page 610) that this rule applies only to cases wherein the plea is set down for argument, and not to a case where the complainant takes issue upon the plea and answer and treats them as valid defenses and compatible with each other. In support of this text *Seifreid* v. *People's Bank,* 2 Tenn. Ch. 22, is cited.

In *Ocala Foundry and Machine Works* v. *Lester,* 49 Fla. 347, both a plea and answer were interposed to the same portion of the bill, and, as here, the complainant, without testing the sufficiency of the plea, joined issue upon both the plea and the answer. Following the text in 16 Ency. of Pl. & Pr. 610, and the case of *Seifreid* v. *People's Bank, supra,* the court held that as the parties litigant and the chancellor had treated the issues as made upon the plea and answer, and testimony had been taken upon the issues so made, the reviewing court would treat it in the same manner, and that the general rule did not apply under those circumstances. This is undoubtedly the correct view to take where the plea was not set down for argument and its sufficiency determined by the chancellor. In such cases, however, the plea is treated merely as a part of the answer and not a plea.

Appellee insists that by filing his plea appellant admitted the allegations of the bill, and that it was not, therefore, incumbent upon her to prove them. This would be true if the plea were in proper form as a pure plea in equity and there had been no answer filed. (*Perry* v. *United States School Furniture Co.* 232 Ill. 101.) The plea sets up matters *dehors* the bill and would be a pure plea if it were in proper form, but it was accompanied by an answer to the whole bill, and appellee was, therefore, not relieved of the necessity of proving every material allegation of her bill, as under this condition of the pleadings the plea could only be treated as a part of the answer.

As the appellee failed to prove the allegations of her bill and failed to show that she was entitled to the relief sought, the decree of the circuit court is reversed and the cause remanded for a new hearing.

*Reversed and remanded.*