## Hattie Martell, Appellant, v. Mary Novack et al., Appellees.

EQUITY—*right to file replication after plea sustained as question of law.* It is error for the court, after having sustained pleas of former adjudication filed to a bill for foreclosure of a mortgage, to refuse to allow the complainant to file a replication to such pleas so as to raise an issue of fact as to the truth of the matters alleged therein.

Appeal by complainant from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded with directions. Opinion filed January 26, 1923.

E. W. EGGMANN and R. H. FLANNIGAN, for appellant.

D. J. SULLIVAN and McHALE & McHALE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

At the May term, 1921, of the City Court of East St. Louis, appellant, Hattie Martell, filed a bill to foreclose a mortgage executed by John Kulish and his wife, Mary Kulish, to Henry D. Sexton, trustee, on April 15, 1903, to secure a note of like date for the sum of $1,550, signed by the same parties as the mortgage and covering certain real estate in said city.

The bill alleged, among other things, that after the execution of said note and mortgage said John Kulish departed this life; that his widow, Mary Kulish, subsequently became the sole owner of said mortgaged premises and that she became the wife of Frank Novack, who with her was made a defendant to the bill. Appellee Mary Novack filed a plea of former adjudication, alleging that on August 31, 1911, one Belle Miller, as administratrix of the estate of Fannie J.

Carpenter, deceased, filed a bill to foreclose the same mortgage claiming to be the legal owner thereof and the note secured thereby, as such administratrix, and making appellee Mary. Novack, appellant Hattie Martell and others parties defendant thereto; that in the proceedings following, the question of the ownership of the mortgage and note involved here were litigable and on July 7, 1913, a decree was entered in this court fully adjudicating the rights of the parties and finally settling the matters in controversy in the present case. After the filing of said plea in this cause the appellee Belle Miller, as said administratrix of the estate of Fannie J. Carpenter, deceased, was permitted by the court to intervene as a defendant and filed her plea of former adjudication in substantially the same terms as the plea of appellee Mary Novack. Both of the said appellees filed answers in support of their pleas, but that of said Belle Miller, administratrix, was subsequently withdrawn. Later appellant, by leave of court, filed an amendment to her bill, alleging that on March 1, 1915, she became the owner of said note and mortgage by purchase from one Julia Simon, then the owner of the same, who has since died; that she was not informed as to when the said Julia Simon became the owner of said note and mortgage nor from whom she purchased the same; that at the time of the litigation mentioned in said pleas of former adjudication, appellant had no interest in said note and mortgage and that she did not acquire the interest therein now claimed by her until more than four years after said foreclosure proceedings were instituted; that said note and mortgage were not owned by said Fannie Carpenter at the time of her decease but were at that time owned by said Julia Simon, from whom appellant purchased them.

The court on motion extended the pleas of former adjudication filed to the original bill, to the bill as amended. The pleas were then set down for hearing

by the court and upon consideration were held to be good and applicable to the amended bill. After the pleas were sustained, appellant asked leave and offered to file her replication to the same but such leave and offer were refused and thereupon the court dismissed the bill for want of equity with costs against appellant. The action of the court in dismissing the bill of complaint, as amended, for want of equity and entering a decree for costs against appellant is assigned by her as error.

In the trial court appellant, wishing to contest the sufficiency of the pleas of former adjudication, moved that they be "set down for argument to determine their applicability to the bill of complaint as secondly amended," and the motion was allowed by the court and said pleas set down for such hearing. This was the proper practice as a demurrer to a plea in chancery should not be interposed but the plea should be set down for hearing, so that the questions which in common-law pleadings could be raised by demurrer can be considered and the sufficiency of the plea as a defense to the whole or a part of the bill determined. If the plea be set down for argument without a replication having been filed, as in this case, the matters stated therein must be considered as true for the purposes of the argument. "Under the rules of practice in chancery cases, where a plea to the bill is set down for argument, the truth of its allegations is admitted, and the question to be determined is, do the admitted facts set up in the plea constitute a defense to the bill?" *Snow v. Counselman,* 136 Ill. 191. If the plea in such case is sustained, that holding is, in effect, a determination that the same is a bar to the bill of complaint, or so much thereof as is covered by it, provided the matters pleaded be true. If the complainant then wishes to contest the truth of the matters stated in the plea he may do so by filing a replication, thus making an issue of fact and the defendant will

then be required to prove the truth of the facts alleged in the plea. The above rules of procedure applicable to this case are clearly laid down in Puterbaugh's Chancery Pleading and Practice, page 136 *et seq.*, where numerous authorities in support thereof are cited.

In the case we have under consideration, the chancellor in the court below, after having sustained the pleas of appellees above referred to, refused to allow appellant to file a replication to the same and thereby make an issue in fact upon the truth of the matters stated in the pleas. This was error and by reason thereof the decree appealed from must be reversed and the cause remanded with directions to the court below to permit appellant to file her replication to said pleas.

*Reversed and remanded with directions.*