Richard Schneider, Appellee, v. Abe Smith et al., Appellees.

A. M. Friedman, Appellant, v. Abe Smith et al., Appellees.

### Gen. No. 36,692.

Opinion filed July 5, 1933. Rehearing denied July 17, 1933.

MAURICE L. DAVIS, for appellant.

HARRY A. CARLSON and CHENEY & PETERSON, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

On September 24, 1931, complainant Friedman filed his bill against Abe Smith and Sadie, his wife, Samuel Greenberg and Sadie Greenberg, his wife, Home Bank and Trust Company, a corporation, as trustee under

a trust deed executed by the Smiths and the Green-bergs to secure an issue of bonds executed against them on February 23, 1927, to the amount of $105,000 and "Unknown Owners."

The bill alleged that the trustee bank was in process of liquidation and without capacity to prosecute a prior suit begun by it on August 24, 1931, in the superior court of Cook county to foreclose the same trust deed.

Peter L. Evans, as successor in trust, appeared and filed a plea in which he set up that one Midowicz had been appointed receiver of the Home Bank and Trust Company by the auditor of public accounts of the State of Illinois on June 20, 1932; that Midowicz thereafter, on behalf of the Home Bank and Trust Company, as trustee under the trust deed sought to be foreclosed, resigned the trust imposed on the said Home Bank and Trust Company, and that thereupon Evans succeeded the Home Bank and Trust Company as trustee under the trust deed; that he had accepted the trust and was acting as such trustee; that on August 24, 1931, the Home Bank and Trust Company exhibited its bill of complaint in the superior court of Cook county on behalf of and as the representative of complainant and of all the persons holding and owning bonds described in and secured by the trust deed to foreclose the lien of the trust deed; that the bill prayed for relief in the same matters and to the same effect as complainant Friedman prayed by his present bill; that the bill involved the same parties and subject-matter and trust deed involved in the present proceeding and was then remaining pending of record, undetermined and undismissed; that complainant was a party thereto through his duly authorized and appointed and acting representative, the Home Bank and Trust Company, as trustee; "that this defendant having accepted the said trust as hereinbefore stated, has or will have se-

cured by the time a hearing is had upon this plea, the substitution of himself as a party complainant in lieu of and in the place and stead of said Home Bank and Trust Company, as trustee complainant in said superior court cause general No. 542056, and will thereupon proceed with the consummation of said proceedings so instituted by said Home Bank and Trust Company, as trustee as aforesaid.''

The plea further stated that all these things were averred to be true and to be pleaded to the whole of the amended and supplemental bill of complaint and prayed judgment of the court as to whether he ought to be compelled to make any answer to either the bill of complaint or amended and supplemental bill of complaint and prayed that the same might be dismissed or stayed.

The answer of the Home Bank and Trust Company as trustee to the amended and supplemental bill was by leave withdrawn and the plea set down for hearing, upon which the plea was sustained, and complainant electing to stand by his bill, the same was dismissed for want of equity. Complainant appeals from that order.

It is contended in the first place that the plea is defective in that it fails to state that Peter L. Evans is a party to the prior suit. It is pointed out in this respect that the plea will be construed most strongly against the pleader, and so construing it, we think it doubtful whether the plea can be held to allege that Peter L. Evans is a party to the prior suit. Nevertheless, we think that plea was not in substance defective for the reason urged. The reason for the rule which forbids the prosecution of two suits at the same time in courts of the same jurisdiction concerning the same subject-matter and against the same parties is that a person may not be twice vexed by the same action, and it is therefore ordinarily essential that such plea

should contain an averment that the pleader is a party to the first action. However, like most general rules, this one is subject to exceptions. A successor in trust although not made a party to the litigation has a contingent interest in it, being in privity with the trustee and being bound by litigation to which the trustee is a party. The successor in trust is a proper, although not a necessary, party. Whether he is a formal party or not, he is a party in interest bound by the results of the litigation, and therefore may properly file a plea of this kind and nature. Complainant cites Story's Equity Pleadings (5th ed.) sec. 665, p. 679, where the general rule is stated. Section 738 of the same work points out that the rule is not invariable, and in 1 Encyclopedia of Pleading and Practice 757, the law applicable is thus stated: "The pendency of a suit will not abate one subsequently brought unless there be a substantial identity of parties. The plaintiffs, at least, in each suit must be the same.

"There are, however, several well established exceptions to this rule, as in *qui tam* actions for penalties, actions for breach of official bonds, in certain cases of set-off and counterclaim, and in suits by one of a class *or by different plaintiffs in privity of title.*" This is the rule in Illinois. *McConnell v. Stettinius,* 2 Gilman 707; *Hass v. Righeimer,* 220 Ill. 193.

The plea in this respect was not, we hold, substantially defective.

In the second place, it is urged that as the trustee defendant answered the original bill and since the successor in trust was bound by that answer of the trustee, the successor in trust could not file a plea, while the answer of the predecessor trustee was allowed to stand. To this point a number of authorities are cited, among them *Straley v. House of Good Shepherd,* 281 Ill. 604. Here, again, we think complainant relies upon a general rule which is not applicable to the facts appearing on this record. The plea of the successor in trust was

filed in response to a rule, leave having been given to complainant to file an amended and supplemental bill. The trustee answered this amended and supplemental bill, but this answer was by leave of court withdrawn. This was proper practice. 21 Corpus Juris 486, sec. 568; *Stephens v. St. Louis Union Trust Co.*, 260 Ill. 364. The case as made out by the amended and supplemental bill differed materially from the case as stated in the original bill which the trustee answered, in that it stated the disqualification of one party defendant and added other defendants. It is conceded that where the bill as amended varies materially from the original bill, an answer to the original bill would not overrule a plea. In the *Straley* case the pleas and answer were identical in substance, and for that reason it was held that the answer overruled the plea. At the most, complainant would have had the right to read the answer to counterplead the pleas to the amended and supplemental bill. Daniels, Chancery Pleading and Practice (6th Am. ed.) sec. 682.

We find no error in the record and the decree is therefore affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.